Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII
OATA-2025-006 [1]

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>BYRON LEE ANTHONETTY SANTIAGO<br><br>Peticionario | KLCE202500067 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: J1VP202402203-05<br><br>Sobre:<br>Art. 93(A) del C.P.<br>Art. 6.05 Ley 168<br>Art. 6.14(B) Ley 168 |

Panel integrado por su presidente, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 27 de enero de 2025.

Comparece ante *nos,* Byron Lee Anthonetty Santiago (peticionario) mediante un recurso de *Certiorari*, al que aneja una *Solicitud Urgente de Orden Provisional en Auxilio de Jurisdicción* y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Ponce, el 14 de enero de 2025 y notificada el 16 de enero de 2025. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* una *Moción de Desestimación al amparo de la Regla 64 (n) (2) de las Reglas de Procedimiento Criminal*, presentada por el peticionario.

Por los fundamentos que exponemos a continuación, se declara *No Ha Lugar* la solicitud de auxilio de jurisdicción y se

---

[1] De conformidad con los parámetros dispuestos en la Orden Administrativa JP-2018-035, y debido a que la Hon. Grace M. Grana Martínez se encuentra fuera del Tribunal por causas justificadas, y en atención a la urgencia de disponer del siguiente caso, se modifica la integración del Panel para atender los asuntos urgentes.

Número Identificador

RES2025 _____

*deniega* la expedición del auto de *certiorari* solicitado por el peticionario.

**I.**

Surge del expediente ante nuestra consideración que, el 15 de julio de 2024, el peticionario fue arrestado sin que mediara una orden judicial previa. Subsiguientemente, el 17 de octubre de 2024, el Ministerio Público presentó (3) denuncias por una infracción al Artículo 93 (a) del Código Penal de Puerto Rico, Artículo 6.5 y 6. 14 (b) de la Ley Núm. 168 de 11 de diciembre de 2019 conocida como la Ley de Armas de Puerto Rico de 2020.[2] Posteriormente, el 9 de diciembre de 2024, se tomó juramento a los testigos para el inicio de la Vista Preliminar, sin embargo, no se desfiló prueba. La continuación de la Vista Preliminar se señaló para el 14 de enero de 2024.

Entretanto, el 26 de diciembre de 2024, el peticionario presentó una *Moción de Desestimación al amparo de la Regla 64 (n) (2) de las Reglas de Procedimiento Criminal*. En la misma, adujo que el arresto realizado el 15 de julio de 2024, bajo la Regla 11 de Procedimiento Criminal activó los términos de juicio rápido al estar sujeto a responder por la comisión de un delito. Así las cosas, el 13 de enero de 2025, el Ministerio Público presentó una *Moción de Oposición a Solicitud de Desestimación al amparo de la Regla 64 (n) (2) de las Reglas de Procedimiento Criminal*.

Consecuentemente, el 14 de enero de 2025, el foro primario declaró *No Ha Lugar* en corte abierta la solicitud de desestimación que presentó el peticionario. Ese mismo día, el TPI emitió una *Resolución*, notificada el 16 de enero de 2025, mediante la cual determinó que, "[…] la Regla 64 (n) (2) no procede en el presente caso ya que el imputado entre el 15 de julio de 2024 al 15 de octubre de

---

[2] En su recurso, el peticionario señaló que entre la fecha del arresto y la presentación de las denuncias transcurrieron más de sesenta (60) días.

2024 no quedó sujeto a responder por la comisión del delito. Al no ser de aplicación la Regla 64 (n) (2) no se celebró la vista evidenciaria a los efectos de evaluar justa causa y perjuicio que establece la regla".

En desacuerdo con la *Resolución* recurrida, el 24 de enero de 2025, el peticionario compareció ante *nos* mediante un recurso de *certiorari* al que anejó la *Solicitud Urgente de Orden Provisional en Auxilio de Jurisdicción* y señaló la comisión del siguiente error:

> **Erró el Honorable Tribunal de Primera Instancia, al declarar no ha lugar la moción de desestimación al amparo de la Regla 64 (n) (2) al determinar que el Peticionario no estaba sujeto a responder por la comisión de un delito aun cuando había sido arrestado bajo la Regla 11 de Procedimiento Criminal bajo alegados motivos fundados de que era sospechoso de delito.**

## II.

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra*. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra*. Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto

de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio

de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*. Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari*, este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el presente caso, es la contención del peticionario que, incidió el TPI al declarar *No Ha Lugar* la *Moción de Desestimación al amparo de la Regla 64 (n) (2) de las Reglas de Procedimiento Criminal*, al determinar que no estaba sujeto a responder por la comisión de un delito aun cuando había sido arrestado bajo la Regla 11 de Procedimiento Criminal bajo presuntos motivos fundados de que era sospechoso de delito.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra*. No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra*.

Así pues, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra*. A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones

del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar detalladamente el recurso presentado por el peticionario, y luego de una revisión de la totalidad del expediente ante *nos*, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones. Así, los fundamentos aducidos en el recurso presentado, así como en la solicitud de auxilio de jurisdicción, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco el peticionario nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por consiguiente, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, se declara *No Ha Lugar* la solicitud de auxilio de jurisdicción y *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones